UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JAMES ANDREW LOHNES,

    Petitioner,

    v.

UNITED STATES OF AMERICA, et al.,

    Respondents.

CAUSE NO.: 2:20-CV-117-TLS-JPK

**OPINION AND ORDER**

    This matter is before the Court sua sponte on an Emergency Petition for Writ of Habeas Corpus [pursuant to 28 U.S.C. §] 2241 [ECF No. 1] filed by James Andrew Lohnes, a prisoner without a lawyer. Because his petition suggested that he was serving a state court conviction, Lohnes was advised, in an Order denying emergency relief [ECF No. 4], that the only remedy available to him in federal court was a petition pursuant to 28 U.S.C. § 2254. *See Dudgeon v. Frank*, 2006 WL 3754796 (W.D. Wis. Dec. 7, 2006). Lohnes was provided with a copy of this court's form for petitions pursuant to 28 U.S.C. § 2254 and granted an opportunity to file an amended petition. He has now filed an Amended Petition [ECF No. 6]. According to the Amended Petition, Lohnes is a pre-trial detainee awaiting sentencing.

    "The appropriate vehicle for a state pre-trial detainee to challenge his detention is § 2241." *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015). However, *Younger v. Harris*, 401 U.S. 37 (1971), generally "requires federal courts to abstain from interfering with pending state proceedings to enforce a state's criminal laws . . . ." *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010) (citing *Younger*, 401 U.S. at 37). Two recognized exceptions are speedy trial and double jeopardy claims. *Id*. Lohnes is not raising either a speedy trial claim or a double jeopardy

claim. Rather, he alleges that he should be released because he suffers from health conditions that place him at high risk of complications if he contracts Covid-19. Therefore, the court must abstain pursuant to *Younger*. *Sweeney*, 612 F.3d at 573 (noting that for claims other than speedy trial or double jeopardy, "[i]t makes no difference [whether] the petitioner has exhausted the state remedies that he could invoke" because *Younger* requires abstention.).

For these reasons, Lohnes' Amended Petition for Habeas Corpus [ECF No. 6] is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on April 22, 2020.

                                            s/ Theresa L. Springmann
                                            CHIEF JUDGE THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT